TABERNACLE OF PRAYER CHURCH, Appellant,

v.

CITY OF COLUMBUS, Appellee.

[Cite as *Tabernacle of Prayer Church v. Columbus* (1996), 114 Ohio App.3d 673.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE05–608.

Decided Oct. 29, 1996.

*Webster S. Lyman,* for appellant.

*Ronald J. O'Brien,* City Attorney, and *David W. Insley,* Assistant City Attorney, for appellee.

BOWMAN, Judge.

Late in the evening of August 5, 1994, and in the early morning hours of August 6, 1994, the city of Columbus, Division of Police, raided the premises of appellant, Tabernacle of Prayer Church. Gary Workman, with the Division of Police Vice Squad, served a search warrant in connection with the raid. Although the evidence is somewhat vague, the raid was apparently in connection with bingo games operated by appellant. Ella Flowers Maynard, Pastor of Tabernacle of Prayer Church, and Loretta Maynard, Assistant Pastor and Assistant Coordinator for bingo, both testified that appellant's bingo game was licensed by the state of Ohio.

As the result of the raid, tables, chairs and equipment used for the bingo games were removed from the church. Appellant filed an action in replevin and, by agreement with appellee, most, if not all, of the property taken in the raid was returned. Following a trial on the issue of damages to that property, the trial court granted judgment in favor of appellee on the basis that it was immune from suit pursuant to R.C. Chapter 2744.

Appellant sets forth the following assignments of error:

"First Assignment of Error: The trial court erred in finding that the city was not liable for damages while performing a governmental function.

"Second Assignment of Error: The trial court erred in finding the city not responsible for the negligence of the company it hired to remove and return the property of the church."

Appellant's assignments of error are related and will be addressed together.

Appellant contends the trial court erred when it found that appellee, along with the employees of an unidentified moving company, was immune from suit. Appellant bases its argument on *Haverlack v. Portage Homes, Inc.* (1982), 2 Ohio St.3d 26, 2 OBR 572, 442 N.E.2d 749, and *Enghauser Mfg. Co. v. Eriksson Eng.,*

*Ltd.* (1983), 6 Ohio St.3d 31, 6 OBR 53, 451 N.E.2d 228. Appellant is correct that both *Haverlack* and *Enghauser* abolished, to a large extent, the defense of sovereign immunity as applied to municipal corporations; however, subsequent to those decisions the legislature enacted R.C. Chapter 2744, which restored governmental immunity to municipal corporations subject to certain exceptions.

R.C. 2744.02(A)(1) creates immunity for municipal corporations and provides as follows:

" * * * Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

Exceptions to the immunity of municipal corporations for its actions are set forth in R.C. 2744.02(B), which provides:

" * * * [A] political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

"(1) * * * [P]olitical subdivisions are liable for injury, death, or loss to persons or property caused by the negligent operation of any motor vehicle by their employees upon the public roads, highways, or streets when the employees are engaged within the scope of their employment and authority. The following are full defenses to such liability:

" * * *

"(2) * * * [P]olitical subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

"(3) * * * [P]olitical subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance, except that it is a full defense to such liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.

"(4) * * * [P]olitical subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function * * *.

"(5) * * * [A] political subdivision is liable for injury, death, or loss to persons or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *."

Appellee's police investigation of possible violations of the charitable bingo statutes by appellant is an exercise of a governmental function. R.C. 2744.01(C)(2)(a) and (i). Appellee's actions in this matter do not fall within any of the exceptions to governmental immunity set forth in R.C. 2744.02(B). If appellee is immune from suit, likewise its agents and employees are immune from suit under R.C. 2744.03(A)(6), absent evidence of liability under R.C. 2744.03(A)(6)(a) through (c). Therefore, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and LAZARUS, JJ., concur.